UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE COX, JR., a/k/a ABBUE-JAU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-2593-JAR |
| ) | |
| BRADLEY MORROW, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Willie Cox, Jr. for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint[1]

Plaintiff states he brings this action pursuant to 42 U.S.C. § 1983 against Bradley Morrow. Based upon the allegations in the complaint, Morrow is a police officer. Plaintiff does not specify the capacity in which he sues Morrow.

---

[1] Since September 17, 2019, plaintiff has filed fifteen similar actions in this Court, including this one. *See Cox v. Lang*, 4:19-cv-02585-NAB (E.D. Mo. Sept. 17, 2019), *Cox v. Atchison*, 4:19-cv-02586-JAR (E.D. Mo. Sept. 17, 2019), *Cox v. Hartman*, No. 4:19-cv-2587 (E.D. Mo. Sept. 17, 2019), *Cox v. Anello*, 4:19-cv-02588-AGF (E.D. Mo. Sept. 17, 2019), *Cox v. Walz*, 4:19-cv-02589-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Hulsey*, 4:19-cv-02592-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Grammer*, 4:19-cv-02662-PLC (E.D. Mo. Sept. 30, 2019), *Cox v. Crotzer*, 4:19-cv-02727-RLW (E.D. Mo. Oct. 7, 2019), *Cox v. Dewly*, 4:19-cv-02744-JAR (E.D. Mo. Oct. 9, 2019), *Cox v. Dodson*, 4:19-cv-02748-AGF (E.D. Mo. Oct. 9, 2019), *Cox v. Walker*, 4:19-cv-02764-RLW (E.D. Mo. Oct. 10, 2019), *Cox v. City of University City, Missouri*, 4:19-cv-02923-JCH (E.D. Mo. Oct. 28, 2019), *Cox v. Brentwood, Missouri, City of*, 4:19-cv-03067-PLC (E.D. Mo. Nov. 7, 2019), and *Cox v. City of Clayton*, 4:19-cv-03091-RLW (E.D. Mo. Nov. 12, 2019), *Cox v. City of Ferguson*, 4:19-CV-3115-JMB (E.D. Mo. Nov. 18, 2019).

Plaintiff's cause of action stems from two traffic stops conducted by Morrow, one on April 6, 2019 and another on April 8, 2019. Plaintiff's allegations in support of his claim are best understood if directly quoted. They are as follows.

> On 04/06/2019 at approximately 7:43 a.m. I was driving with my mother when Mr. Morrow pulled me over and issued me a citation for "auxiliary" lamps. I informed Mr. Morrow that they were "accent" lamps and that they were not illegal in the State of Missouri. On 04/08/2019 I saw Mr. Morrow in the lobby of the court house and when I exited the court room and was exiting the parking lot Mr. Morrow was following me in a police vehicle and pulled me over and issued me another citation for the same lights with a different ordinance violation. Each time Mr. Morrow ordered me to cut them off. I refused to do so. There are no "auxiliary" lamps on my vehicle, the lamps on my vehicle are "accent" lamps and are not illegal in the State of Missouri. I filed a complaint against Mr. Morrow with the City of Ferguson. Mr. Morrow violated not only my civil rights he also breach[ed] his fiduciary duty and that is unacceptable.

(ECF No. 1 at 5). Plaintiff seeks a total of $1.5 million in damages.

### Discussion

The complaint does not state whether Morrow is being sued in his official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Cmty. College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Based upon the allegations in the complaint, Morrow is employed by a police department. However, a police department is not an entity subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (entities such as police departments are "not juridical entities suable as such."). Additionally, the complaint fails to state a claim of municipal liability.

*See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). The complaint is therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Even if plaintiff had sued Morrow in his individual capacity, the complaint would be dismissed. Plaintiff does not challenge the constitutionality of the applicable traffic law. Instead, he seeks monetary relief from Morrow for violating his Fourth Amendment rights by pulling him over and citing him with traffic violations. In support of this claim, plaintiff asserts that his vehicle's lights were not illegal in the State of Missouri.

A traffic stop is legal under the Fourth Amendment if it is supported by probable cause to believe that a violation of the law has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996); *see also PPS, Inc. v. Faulkner County, Ark.*, 630 F.3d 1098, 1107 (8th Cir. 2011) (for a plaintiff to succeed on a Fourth Amendment unlawful seizure claim, the offending officer must have a lack of probable cause). Any traffic violation, even a minor one, creates probable cause for an officer to stop a vehicle. *United States v. Gregory*, 302 F.3d 805, 809 (8th Cir. 2002). A traffic stop can also be justified by a lesser showing of a "reasonable suspicion" pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). *United States v. Winters*, 491 F.3d 918, 921 (8th Cir. 2007).

The standard by which a court determines whether an officer's actions are justified is an objective one. *United States v. Mallari*, 334 F.3d 765, 766–67 (8th Cir. 2003). The officer must "objectively [have] a reasonable basis for believing that the driver has breached a traffic law." *Id.; see also United States v. Sanders*, 196 F.3d 910, 913 (8th Cir. 1999). The officer's belief can be considered objectively reasonable even if it was mistaken. *Sanders*, 196 F.3d at 913. The Court does not make its determination with the vision of hindsight, but instead by looking to what the officer reasonably knew at the time. *Id.* (internal citation omitted).

Applying *Sanders,* the Court concludes that plaintiff's allegations do not allow the Court to reasonably infer that Morrow lacked an objectively reasonable basis to believe plaintiff breached a traffic law. Plaintiff alleges that Morrow stopped him on April 6 and issued a citation for his lights. Two days later, Morrow pulled over plaintiff a second time after plaintiff chose to drive with the lights anyway. On both occasions, Morrow ordered plaintiff to turn off the lights because he believed they were illegal; plaintiff refused to do so. Taking these allegations as true, they establish that Morrow had an objectively reasonable basis to believe that plaintiff breached a traffic law because he believed plaintiff's lights were illegal. While plaintiff focuses upon the fact that his lights were not illegal, the legality of the lights is not determinative of whether the traffic stop was justified, as Morrow's belief can be considered objectively reasonable if it was mistaken. *See id.* Therefore, plaintiff's allegations do not state a plausible Fourth Amendment claim against Morrow.

After carefully reading and liberally construing the complaint, the Court concludes that this case should be dismissed at this time pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff prepared the complaint in a careful and thoughtful manner, and he is specific about the claim he wishes to assert against Morrow. It is therefore apparent that the problems with the complaint would not be cured by permitting plaintiff to file an amended pleading.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED.** [ECF No. 2]

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of November, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE